ELIZABETH ZIETKO, PETITIONER, v. JACQUES WOLF CO.
AND NEW JERSEY MANUFACTURER'S CASUALTY IN-
SURANCE CO., RESPONDENT.

Decided June 25, 1945.

For the petitioner, *Nathan* and *Isadore Rabinowitz.*

For the respondent, *George E. Meredith.*

In this matter petition was filed by petitioner seeking compensation for the death of her son, which death took place on November 16th, 1939, and it is said, was by accident arising out of and in course of said decedent's employment with respondent. The petition herein was filed May 2d, 1945, and respondent in lieu of usual answer to the same has made motion for dismissal on six counts, only one of which, namely the first, is perhaps in point with the present proceedings and on this count respondent requests dismissal on the grounds the petition was filed after the two year limitation for filing same had expired.

A petition was filed once before in this case on April 18th, 1940, which was subsequently dismissed, on proper notice, for lack of prosecution by this Bureau on February 16th, 1943. An appeal was taken from this order by petitioner to the Common Pleas Court but the same on March 2d, 1945, was dismissed without prejudice. There was also an action in the matter brought in the Supreme Court on the basis of an alleged contract to pay compensation made between the parties but which action was dismissed in that court on the ground that all original jurisdiction in the matter was in the Compensation Bureau.

In the present petition petitioner asks for a hearing on the merits; an award for seven checks issued by respondent in payment of some installments of compensation under said agreement; or an amount stipulated for in said agreement.

This agreement it is alleged was entered into by the parties on a form provided and prescribed by the Bureau and known as Form No. 4. In this form respondent undertook to pay to petitioner 300 weeks compensation at $2.28 per week totaling $684 and in addition $150 statutory funeral allowance. This agreement was made on January 27th, 1940, and was signed by the employer's insurance carrier, named as one of respondents herein, New Jersey Manufacturer's Casualty Insurance Co., but not by petitioner. On January 29th, 1940, there was

issued and filed by the New Jersey Department of Labor its form No. 6, signed by Daniel A. Spair, secretary of Workmen's Compensation Bureau, approving said agreement. It is alleged petitioner was advised by letter on January 24th, 1940, by said insurance carrier that it would not be necessary for her to sign any forms at this time.

Respondent's contention that the Bureau is without present jurisdiction in the matter because of the appeal by petitioner from its previous order dismissing the original petition to the Common Pleas is without merit as this action is on a new and not the old petition and the appeal has in any event been dismissed in the Pleas. Also its contention that the matter is *res judicata* by reason of the action in the Supreme Court is unfounded for in that jurisdiction there was no hearing on the merits of the controversy but merely a holding that the Supreme Court was without original jurisdiction in that matter which was in the Bureau and as to the contention that the dismissal of the previous petition by the Bureau is dispositive of the issue this is not true if the present petition is filed within a time contemplated by the statute, *Sack* v. *Ocean City,* 125 *N. J. L.* 138; 14 *Atl. Rep.* (*2d*) 517; *City of Long Branch* v. *Finn,* 131 *N. J. L.* 488; 37 *Atl. Rep.* (*2d*) 96.

As to the contention that the petition herein is filed within a time permitted by the statute it is urged by petitioner that there is in fact a valid agreement existing between her and respondent for the payment of compensation. This is the agreement above referred to that was filed by the respondent with the Department of Labor on January 27th, 1940, signed by the carrier and approved by the Bureau on its prescribed forms. Since the carrier in the case advised petitioner that it would not be necessary for her to sign an agreement and thereafter filed the papers without her signature and further subsequently made some payments on the same it would seem to me that the respondent would now be estopped to deny the efficacy of said agreement thereby and thus the agreement becomes a valid one, *Pathe Exchange, Inc.,* v. *Court of Common Pleas,* 102 *N. J. L.* 443; 131 *Atl. Rep.* 923.

Holding such agreement valid it then becomes necessary to consider petitioner's contention that the petition herein under

consideration is filed within the time provided by the statute in that payments provided in said agreement would still be due and owing and in fact would be due and owing until August 16th, 1945, and that the petitioner can bring her petition within two years of respondent's failure to pay any one of the said weekly payments agreed to be made.

The point appears to be a novel one and I know of no case in point. The statute provides, *R. S.* 34:15–51; *N. J. S. A.* 34:15–51, *inter alia*, that in case an agreement for compensation has been made between the employer and the claimant, petition must be filed within two years after the failure of the employer to make payment pursuant to the terms of such agreement. And again a payment, or agreement to pay by the insurance carrier, shall for the purpose of this section be deemed a payment or agreement by the employer. This section it is to be noted does not specify on which breach of payment the statute is to toll and it would appear to me that the breach of each payment is a continuing failure to pay during the term of the payments agreed upon. Had the legislature intended that the statute should toll upon the first breach it could very readily have said so, but since it is silent on this point it seems to me that the petitioner is at liberty to file her petition within two years of respondent's failure to meet any of the required payments within the terms of the agreement and this she does herein as the final payment is not yet due under the terms of the agreement. I will therefore find that the petition herein appears to be filed within time and deny the motion for dismissal made by respondent.

It is accordingly ordered that respondent file an answer to the petition herein in accordance with the law and that the case proceed to trial in usual course.

HARRY H. UMBERGER,
*Deputy Commissioner.*